UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LOCUST RIDGE PLANTATION, L.L.C. AND E. R. MCDONALD AND SONS, INC.** | * | **CIVIL ACTION NO. 17-0746** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **ADCO PRODUCING COMPANY, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and associated request for fees, costs, expenses, and/or sanctions [doc. # 17] filed by plaintiffs Locust Ridge Plantation, L.L.C. and E. R. McDonald and Sons, Inc. The motion is opposed. For reasons explained below, it is recommended that the motion to remand be GRANTED, but that the request for fees, costs, expenses, and/or sanctions be DENIED.

### Background

On October 28, 2016, Locust Ridge Plantation, L.L.C. and E. R. McDonald and Sons, Inc. (collectively, "Locust Ridge") filed the instant oilfield contamination suit in the 6th Judicial District Court for the Parish of Tensas, State of Louisiana, against fourteen defendants arising out of decades-long oil and gas exploration and production activities conducted on the plaintiffs' properties by the defendants and/or their predecessors in title. The fourteen entities named as defendants include: Adco Producing Company, Inc.; Arkoma Development, L.L.C.; Arkoma Louisiana, L.L.C.; Atlantic Richfield Company; BP America Production Company; ConocoPhillips Company; G&D Energy, Inc.; Hunter Energy Corporation; Hunter Energy L.L.C.; J.C. Trahan Drilling Contractor, Inc.; Marathon Petroleum Company, L.P.; N.H. Wheless

Oil Company; Odyssey 83-1, Ltd.; and Southern Natural Gas Company, L.L.C.

On June 8, 2017, defendants, ConocoPhillips Company ("ConocoPhillips"), and Southern Natural Gas Company, LLC ("SNG"), removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On July 7, 2017, plaintiffs filed the instant motion to remand the case to state court on the twin grounds that 1) the court lacks subject matter jurisdiction because removing defendants failed to properly allege the citizenship of all properly joined defendants; and 2) removal was procedurally defective because defendants did not timely remove the suit to federal court within 30 days after it became removable.

On July 31, 2017, removing defendants filed their opposition to the motion to remand in which they argued that removal was timely, and that some defendants were improperly joined and never served, thereby permitting the court to disregard their citizenship for purposes of diversity. In conjunction with their opposition, defendants sought and obtained leave of court to amend their notice of removal to properly allege the citizenship of defendants, Arkoma Development, L.L.C. and Arkoma Louisiana, L.L.C. (the "Arkoma entities"). [doc. #s 23, 25, & 26];[1] *see* discussion, *infra*. Plaintiffs filed a reply in support of remand on August 7, 2017. [doc. # 28]. Removing defendants filed a sur-reply on August 14, 2017. [doc. # 31]. Thus, the matter is ripe.

---

[1] In their motion to remand, plaintiffs argued that removing defendants should not be permitted to correct defective allegations of citizenship more than 30 days after removal. There is, however, Fifth Circuit authority to the contrary. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.1988) (authorizing district court to permit removing defendants to amend their notice of removal pursuant to 28 U.S.C. § 1653 to set forth facts to establish diversity jurisdiction); *Mullins v. Testamerica Inc.*, 300 Fed. Appx. 259, 261 (5th Cir.2008) (Fifth Circuit remanded a removed case to district court for amendment of deficient jurisdictional/citizenship allegations). Moreover, 28 U.S.C. § 1653 is to be liberally construed, and failure to specifically allege citizenship may be cured in the appellate courts. *Getty Oil Corp., supra*.

## Discussion

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id.* Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

### I.  Subject Matter Jurisdiction

Defendants, ConocoPhillips and SNG, invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332(a). Plaintiffs do not contest that the amount in controversy exceeded $75,000 at the time of removal, and the court agrees that it is facially apparent that the claimed damages exceed $75,000. *See* Notice of Removal, ¶ B. Thus, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, supra* (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be

3

alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

Here, removing defendants alleged and established that plaintiffs are Louisiana citizens. Locust Ridge Plantation, L.L.C. is a limited liability company whose sole member is William McDonald, a Louisiana citizen. (Notice of Removal, ¶A1).[2] Furthermore, E. R. McDonald and Sons, Inc. is a Louisiana corporation, with its principal place of business in this state. *Id.*[3]

Removing defendants also affirmatively (and properly) alleged the citizenship for the following seven defendants:[4]

    a) <u>Atlantic Richfield Company</u>

Atlantic Richfield Company is a Delaware corporation with its principal place of

---

[2] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[3] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*; *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Ordinarily, simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *But see* discussion, *infra*.

[4] The ensuing allegations of citizenship are gleaned from the notice of removal, as amended.

business in California.

  b)  <u>BP America Production Company</u>

BP America is a Delaware corporation with its principal place of business in Texas.

  c)  <u>ConocoPhillips Company</u>

ConocoPhillips Company is a Delaware corporation with its principal place of business in Texas.

  d)  <u>Arkoma Development, L.L.C.</u>

Arkoma Development, L.L.C. is a Texas limited liability company with a single member: Arkoma Realty, Ltd. Arkoma Realty, Ltd., in turn, is comprised of but one partner, Arkoma Management, Inc. – a Texas corporation with its principal place of business in Texas.

  e)  <u>Arkoma Louisiana, L.L.C.</u>

Arkoma Louisiana, L.L.C. is a Texas limited liability company comprised of four members, all Texas citizens: Mark S. Kelldorf, Krystal M. Lee, Kay-Lee Ogle, and Kylie Miracle Hearne

  f)  <u>Southern Natural Gas Company, L.L.C.</u>

Southern Natural Gas Company, L.L.C. is a Delaware limited liability company comprised of two members: Kinder Morgan SNG Operator L.L.C. and Evergreen Enterprise Holdings L.L.C. Kinder Morgan SNG Operator L.L.C. has one member: Kinder Morgan Energy Partners, L.P., which has two partners: Kinder Morgan G.P., Inc. and Kinder Morgan Inc., both of which are Delaware corporations with principal places of business in Texas. Evergreen Enterprise Holdings L.L.C. has but one member: Southern Company Gas, which is a Georgia corporation with its principal place of business in Georgia.

    g)    <u>Marathon Petroleum Company L.P.</u>

Marathon Petroleum Company L.P. is a Delaware limited partnership.[5] The general partner of Marathon Petroleum Company L.P. is MPC Investment L.L.C., a Delaware limited liability company. MPC Investment L.L.C.'s sole owner-member is Marathon Petroleum Corporation, a Delaware corporation with a principal place of business in Ohio. The owner/partner of the remainder of Marathon Petroleum Company L.P. is Marathon Petroleum Corporation, a Delaware corporation, with its principal place of business in Ohio.

Removing defendants acknowledge that defendants, Hunter Energy Corporation and Hunter Energy, L.L.C. (the "Hunter entities"), are non-diverse Louisiana citizens. Prior to removal, however, plaintiffs filed a motion to voluntarily dismiss these defendants, which the state court granted. *See* discussion, *infra*. Therefore, the citizenship of the Hunter Entities need not be considered for purposes of diversity. *Johnson v. Winn-Dixie Mkt. Place, #1559*, No. 16-1561, 2016 WL 8716901, at *1 (W.D. La. Dec. 9, 2016) (citations omitted).

Removing defendants further contend that the court need not consider the citizenship for the five remaining defendants, Odyssey 83-1, Ltd.; G&D Energy, Inc.; Adco Producing Company, Inc., J.C. Trahan Drilling Contractor, Inc. and N.H. Wheless Oil Company,[6] because they were never served and because they were not properly joined as defendants. The court observes, however, that the fact that a defendant was not served does not mean that its citizenship may be ignored. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998). Rather, "[a] non-resident defendant cannot remove an action if the citizenship of any

---

[5] Citizenship of a limited partnership is determined by the citizenship of all of the partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990).

[6] J.C. Trahan Drilling Contractor, Inc. and N.H. Wheless Oil Company are non-diverse, Louisiana entities.

co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. *Id*.

The court further finds that removing defendants effectively alleged the citizenship and established the diversity of two of the five remaining defendants:

    h)    <u>Adco Producing Company, Inc.</u>

Adco Producing Company, Inc. ("Adco") is a now-dissolved Mississippi corporation, whose authority to do business in Louisiana was revoked as of September 15, 1999. (Notice of Removal).[7] and

    i)    <u>G&D Energy, Inc.</u>

G&D Energy, Inc. ("G&D") is a Delaware corporation, which withdrew as a foreign corporation authorized to do and doing business in Louisiana as of September 3, 1997. (Notice of Removal).[8]

In other words, removing defendants successfully alleged that Adco and G&D are incorporated in Mississippi and Delaware, respectively. Moreover, both corporations have been inactive in Louisiana for a substantial period of time, i.e, more than five years. *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir.1992). Under these circumstances, their principal places of business are not in Louisiana, and need not be affirmatively alleged, where, as here, plaintiffs are Louisiana citizens. *Id*.

---

[7] Although defendants did not adduce records from the Secretary of State to establish when Adco Producing Company, Inc.'s authority to do business in Louisiana was revoked, the court may take judicial notice of same. *See* https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=162619_523FB52BF0.

[8] Although defendants did not adduce records from the Secretary of State to establish when G&D Energy, Inc. withdrew from the state, the court may take judicial notice of same. *See* https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=276294_F8FAED883A (Last visited on Oct. 5, 2017).

To disregard the citizenship of the three remaining defendants, ConocoPhillips and SNG must establish that they were but nominal defendants/improperly joined. It has been long established that an improperly joined or nominal defendant need not be diverse from the plaintiffs for purposes of subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). However, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell, supra*.

The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendants have demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendants and defendants of unknown citizenship, *i.e.* that there is "no reasonable basis" for the district court to predict that plaintiffs might recover against them. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-

8

diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[9] or 2) in the few cases where the plaintiffs have stated a claim, but have misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*.[10] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*. If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*

Here, removing defendants do not contend that the complaint fails to state a claim for relief against the three remaining defendants. Instead, they argue that these entities were dissolved and cease to exist. They allege, in pertinent part, as follows:

j)  N.H. Wheless Oil Company

N.H. Wheless Oil Company was voluntarily dissolved and liquidated as of November 13, 2002, according to documents on record with the Louisiana Secretary of State. (Cert. of Dissolution; Notice of Removal, Exh. C).

k)  Odyssey 83-1, Ltd.

Odyssey 83-1, Ltd. was involuntarily dissolved by the Texas Secretary of State, and has been inactive since 1997. (Cert. of Fact; Notice of Removal, Exh. D).

---

[9] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[10] In other words, facts that can be easily disproved if not true. *Id.*

l)     J.C. Trahan Drilling Contractor, Inc.

Louisiana Secretary of State records show that J.C. Trahan Drilling Contractor, Inc. was dissolved in 2014. (Affidavit to Dissolve Corp.; Notice of Removal, Exh. E).

The legal status of a corporation is governed by state law. *Vill. of Montpelier v. Riche, Chenevert & Andress Const. Co., Inc.*, 43 B.R. 736, 738 (M.D. La.1984) (citing *inter alia*, *Gould v. Brick*, 358 F.2d 437 (5th Cir.1966). Under Louisiana law,

> "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including any of the following:
>
> (1) Collecting its assets.
>
> (2) Disposing of its properties that will not be distributed in kind to its shareholders.
>
> (3) Discharging or making reasonable provision for discharging its liabilities.
>
> (4) Distributing its remaining property among its shareholders according to their interests.
>
> (5) Doing every other act necessary to wind up and liquidate its business and affairs.

La. R. S. § 12:1-1405(A). Furthermore, dissolution does not prevent commencement of a proceeding by or against the corporation in its corporate name. La. R. S. § 12:1-1405(B)(5). Dissolution also does not affect any right acquired by a third person before the third person knew or should know that the corporation is dissolved. La. R. S. § 12:1-1405(C)(2). A dissolved and unterminated corporation continues to be a proper party defendant. La. R. S. § 12:1-1405(E).

Louisiana law provides a procedure for a dissolved corporation to publish notice of its dissolution and request persons with claims against the dissolved corporation to present them in accordance with the notice. La. R. S. § 12:1-1407(A). Once notice is properly promulgated, interested claimants have three years in which to commence a proceeding to enforce a claim against the dissolved corporation. La. R. S. § 12:1-1407(C). A timely filed claim may be

enforced, *inter alia*, against the dissolved corporation, to the extent of its undistributed assets. La. R.S. § 12:1-1407(D).

Here, removing defendants did not adduce evidence to establish that the dissolved entities followed the requisite procedures to perempt existing claims. They also have not adduced evidence to establish that these defendants own no property, have no assets, no employees, no remaining shareholder, or no office. *Contrast Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918, at *1 (W.D. La. Mar. 5, 2014) and *Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136, at *2 (M.D. La. Feb. 25, 2015). While it is certainly less likely that N.H. Wheless Oil Company and Odyssey 83-1, Ltd. have recoverable assets where they were dissolved more than ten years ago, the same cannot be said for J.C. Trahan Drilling Contractor, Inc., which was dissolved less than three years before the instant suit was filed.

The court emphasizes that the burden of establishing improper joinder is a heavy one and it rests with removing defendants. Upon the existing record, defendants have not established, at minimum, that there is no reasonable possibility of recovery against J.C. Trahan Drilling Contractor, Inc., i.e., that it is but a nominal or improperly joined defendant. *See Beall v. Conoco Phillips Co.*, No. 08-289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008). J.C. Trahan Drilling Contractor, Inc's continued presence in this suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447(c).

## II.     Timeliness of Removal

Under the removal statute, a defendant must file a notice of removal: 1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or 2) if the case "stated by

the initial pleading is not removable," within 30 days after defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3).[11]

Both sides in this dispute agree that the matter was not removable on the basis of the initial pleading because of the presence of non-diverse defendants, the Hunter entities.[12] Rather, plaintiffs contend that the case became removable on February 3, 2017, when they provided defense counsel with written notice, transmitted via email, of a "Partial Motion to Dismiss [the Hunter entities] Without Prejudice" together with a proposed order, thereby evidencing their intent to abandon their claims against the Hunter entities. (M/Remand, Exh. B). Conversely, removing defendants argue that the case did not become removable until May 25, 2017, when SNG received a copy of an April 12, 2017, order finally granting plaintiffs' February 2017 motion to voluntarily dismiss the Hunter entities. (April 12, 2017, Order; Notice of Removal, Exh. G). In other words, defendants contend that the case did not become removable until they received notice of the order that actually dismissed the non-diverse defendants from the case.

---

[11] For purposes of triggering § 1446(b)'s second 30 day removal period, the Fifth Circuit articulated a "bright line" rule. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b) [now § 1446(b)(3)]." *Bosky, supra* (footnote omitted). *Bosky*, of course, arose in the context of ascertaining amount in controversy.

[12] As it turns out, the case is still unremovable at this time because of the continued presence, at minimum, of non-diverse defendant, J.C. Trahan Drilling Contractor, Inc. *See* discussion, *supra*. Technically, therefore, removal was not untimely, but rather, premature. However, because it is plausible that removing defendants may attempt to shore up their improper joinder argument with supplemental evidence that might support a different outcome before a higher court, the undersigned is compelled to issue an alternative finding relative to the timeliness of removal – based on the existing record.

As early as the nineteenth century, the Supreme Court recognized that if a case were not removable initially, the defendant could "file a petition [now, notice] for removal as soon as the action assume[d] the shape of a removable case in the court in which it was brought. *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101, 18 S.Ct. 264, 267 (1898). Thus, in *Powers*, the diverse defendant was entitled to remove the action as soon as plaintiff "discontinued" his action against the non-diverse defendants. *Id.*[13]

The Supreme Court also resolved early on that,

> a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant.

*Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82, 38 S.Ct. 237, 239–40 (1918) (citations omitted).

Thus, it came to pass that an "action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff . . ." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967). This "voluntary-involuntary" rule survived the 1949 amendment to § 1446(b) which for the first time statutorily provided for the removal of cases that were not removable on the basis of the initial pleading. *Id*.

Therefore, when, as here, a case that initially was not removable because of the presence of a non-diverse or resident defendant later becomes removable, the critical issue is whether "at the time of removal, the plaintiffs effectively 'ha[d] taken the resident defendant out of the case, so as to leave a controversy wholly between the plaintiff[s] and the nonresident defendant.'"

---

[13] Historically, under Louisiana law, the right of a plaintiff to "discontinue" his suit was an absolute right, equivalent to the voluntary taking of a judgment of nonsuit. *Rives v. Starcke*, 195 La. 378, 382, 196 So. 657, 658 (La. 1940).

*Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir.1995), abrogated on other grounds by *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir.2000) (quoting *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316, 35 S.Ct. 355, 356 (1915).[14] Furthermore, "[a]lthough the core inquiry—whether federal subject matter jurisdiction exists—is quintessentially an issue of federal law, [the federal courts] look to state law to determine whether the nondiverse defendant is no longer effectively a party to the case." *Vasquez, supra*.[15]

In this case, plaintiffs filed a motion to voluntarily dismiss the Hunter entities, without

---

[14] District courts generally take a similar approach. *See e.g.*, *Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC*, No. 10-0318, 2012 WL 692410, at *4 (W.D. La. Mar. 2, 2012) (fact that state court had not signed judgment of dismissal was of no consequence, the case became removable because of the "expression of intent" by plaintiff); *Rasbury v. USAA Gen. Indem.*, No. 14-2871, 2015 WL 1906205, at *5 (W.D. La. Apr. 20, 2015) (defendant need not be served with a signed copy of the judgment of dismissal before the removal period was triggered; all that was necessary was receipt of paper that made it unequivocally clear and certain that plaintiff had entered into a valid compromise); *Erdey v. Am. Honda Co., Inc.*, 96 F.R.D. 593, 598–99 (M.D. La.1983), modified on reconsideration in part, 558 F. Supp. 105 (M.D. La.1983) (case becomes removable under 28 U.S.C. § 1446(b) where plaintiff, by his voluntary expression of intent, has definitely indicated his intention to discontinue the action as to the non-diverse defendant); *Acosta v. Master Maint. & Const., Inc.*, 52 F. Supp.2d 699, 710 (M.D. La.1999) (motion to sever defendants constituted "voluntary act" that effectively eliminated the defendants from the case thereby rendering those parties nominal defendants for purposes of removal); *Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 922 (M.D. Pa.1986) (formal order dismissing resident defendant is not a prerequisite to removal under 28 U.S.C. § 1446(b)); *Green v. City Servs. Refinery*, No. 06-330, 2007 WL 2008526, at *3 (W.D. La. Feb. 22, 2007) ("had Plaintiffs filed a motion to voluntarily dismiss all of the non-diverse defendants, there would be little dispute that the 'voluntary act' element of the voluntary-involuntary rule would be satisfied"); and *Brandon v. Toyota Motor Corp.*, 240 F. Supp.2d 604, 606–07 (S.D. Miss.2002) (plaintiff's motion to amend state court complaint to drop all non-diverse defendants and to add a diverse defendant could constitute "other paper" serving to make a case removable on the basis of diversity – provided it was clear from the motion to amend that the amendment would make the case removable).

[15] In *Vasquez*, the Fifth Circuit rejected both notions that a case may "become[ ] removable upon any voluntary act by the plaintiff that is evidence of an intent to abandon its lawsuit against the nondiverse defendant," or, at the opposite extreme, that "a formal and final dismissal under state law is required." *Vasquez, supra*. Rather, the court adopted a middle approach stating that "a case may be removed based on any voluntary act of the plaintiff that *effectively eliminates* the nondiverse defendant from the case." *Id*. (emphasis added).

prejudice. Louisiana law provides that,

> [a] judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

La. Code of Civ. Proc. Art. 1671.

While revision comment (d) to Article 1671 states that Article 1671 requires an actual judgment of dismissal,[16] the judgment or order would appear to represent a mere formality where, as here, the defendant has not appeared in the case.[17] Indeed, Louisiana courts consistently have recognized that, under Article 1671, "if an application for dismissal without prejudice is made prior to a general appearance by the defendant, a judgment dismissing the action without prejudice is *mandatory and the trial court has no discretion in this regard*." *Vardaman v. Baker Ctr., Inc.*, 689 So.2d 667, 669 (La. App. 1st Cir. 1997) (emphasis added); *State, Dep't of Soc. Servs. v. Powell*, 769 So.2d 820, 821–22 (La. App. 5th Cir. 2000).

Furthermore, in applying former Article 491 of the Louisiana Code of Practice, the Louisiana Supreme Court held that a "motion to discontinue" filed by plaintiff "takes effect the moment it is filed, without an order of dismissal by the court." *Shreveport Long Leaf Lumber Co. v. Jones*, 188 La. 519, 524, 177 So. 593, 594 (1937); *Interdiction of Escat*, 207 La. 228, 232, 21 So.2d 43, 44 (1945); *Person v. Person*, 172 La. 740, 745, 135 So. 225, 226 (1931) (plaintiff's motion to dismiss became effective the moment it was filed). Even after the enactment of Article 1671, the Louisiana Supreme Court continued to cite its earlier decisions recognizing that a motion to discontinue the suit takes effect the moment it is filed, even without an

---

[16] Although revision comments are instructive, they are not law. *Chalos & Co., P.C. v. Marine Managers, Ltd.*, No. 14-2441, 2015 WL 6442558, at *7 (E.D. La. Oct. 23, 2015).

[17] There is no indication that the Hunter entities appeared in the case prior to the filing of plaintiffs' motion.

15

accompanying order. *Adams v. Aetna Cas. & Sur. Co.*, 252 La. 798, 807, 214 So.2d 148, 152 (1968).

In sum, the court is persuaded that, under Louisiana law, the non-diverse/resident defendants, i.e., the Hunter entities, effectively were no longer parties to the case when plaintiffs filed their motion to voluntarily dismiss them prior to their appearance in the case. Stated differently, they remained no more than mere nominal parties, whose presence could be disregarded for purposes of diversity.[18] Accordingly, it was incumbent upon defendants to remove the case within 30 days of February 3, 2017, – the date that they received written notice of plaintiffs' motion to voluntarily dismiss the Hunter entities. Defendants, however, did not file the notice of removal until more than four months later. By then, it was too late. 28 U.S.C. § 1446(b). This delay constitutes a defect in the removal process, which was timely raised by plaintiffs. Therefore, remand is required. 28 U.S.C. § 1447(c).[19]

---

[18] Interestingly, just last year, the Fifth Circuit clarified that decisions about removal must be made on the basis of *federal* law, not *state* law. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir.2016). Under federal law, plaintiffs plainly are authorized to dismiss an action, without court order, by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). "[O]nce a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir.2016) (internal quotation marks and citations omitted).

Thus, in the wake of *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, it could be argued that the effect of plaintiffs' motion to dismiss on removability should be analyzed under federal law. If so, the suit plainly was removable at the time plaintiffs filed the motion to dismiss.

[19] The court is not indifferent to the difficult position in which removing defendants found themselves. In addition, the court does not wish to encourage premature removals. However, it goes without saying that the removal process remains fraught with procedural pitfalls for the unwary defendant.

In addition, the court would be remiss in failing to note that, in between the time of the filing of plaintiffs' motion to voluntarily dismiss the Hunter entities and the signing of the order granting same, removing defendant, ConocoPhillips, filed exceptions in the state court. *See* Notice of Compliance [doc. # 11]). Moreover, even after the state court granted plaintiffs'

16

**III.   Costs, Expenses, Fee and/or Sanctions**

Plaintiffs seek an award of expenses, costs, and attorney's fees as a result of defendants' improvident removal. Plaintiffs further suggest that sanctions are warranted under Rule 11. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).

Given the unusual and ambiguous posture of this case, the court cannot conclude that defendants lacked an objectively reasonable basis for removal. After all, defendants, N.H. Wheless Oil Company, Odyssey 83-1, Ltd., and J.C. Trahan Drilling Contractor, Inc., are dissolved companies. Moreover, given the unsettled nature of the law on the removability of cases under the present circumstances, the court cannot fault defendants for incorrectly ascertaining when the case became removable. Accordingly, the court does not find that an award of costs and attorney's fees under 28 U.S.C. § 1447(c) or sanctions under Rule 11 of the Federal Rules of Civil Procedure is available or appropriate.[20]

## Conclusion

---

motion to voluntarily dismiss the Hunter entities, defendants, SNG and Marathon Petroleum Company L.P., both filed exceptions in the state court record. *Id*. By proceeding to defend the action in state court or by otherwise invoking the processes of the state court, defendants waived their right of removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986) (citations omitted).

[20] In any event, a demand for Rule 11 sanctions must be filed via separate motion. Fed.R.Civ.P. 11(c)(2). The instant request fails to conform with the foregoing procedural requirement and may be denied on that basis. *Rouege Trucking, LLC v. Canales*, No. 14-304, 2015 WL 127870, at *9 (M.D. La. Jan. 7, 2015) (citations omitted).

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 17] filed by plaintiffs Locust Ridge Plantation, L.L.C. and E. R. McDonald and Sons, Inc. be GRANTED, and that the matter be remanded to the 6th Judicial District Court for the Parish of Tensas, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that the associated request for costs, expenses, fees, and/or sanctions be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of October 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE